**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 23, 2026

Elena C. Norman
Richard J. Thomas
Alex B. Haims
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801

Joseph J. Bellew
Joseph E. Brenner
GORDON REES SCULLY
MANSUKHANI LLP
824 North Market Street, Suite 220
Wilmington, DE 19801

> Re: *Regal Rexnord Corporation et al. v. WEG Electric Corporation et al.*, C.A. No. 2025-0492-KSJM

Dear Counsel:

Plaintiffs and Counterclaim-Defendants Regal Rexnord Corporation and Regal Beloit America, Inc. (together, "Regal") have moved for leave to file a motion for partial summary judgment.[1]  The motion is denied.

Regal and Defendants WEG Electric Corp. and WEG Holding B.V. (together, "WEG") are parties to a Restrictive Covenant Agreement (the "Agreement").[2]  Regal claims that WEG breached Section 2.2 of the Agreement, which restricts Defendants' use of the MARATHON trademark "in the promotion, marketing or sale of any product or services other than those specific products or services . . . sold by the Acquired Company Business under the Subject [MARATHON] Marks as of the

---

[1] C.A. No. 2025-0492-KSJM, Docket ("Dkt.") 76.

[2] *Id.* at 1.

Closing Date."[3]  According to Regal, WEG's discovery responses reveal that WEG rebranded products in breach of the Agreement.  WEG disputes this assertion.  WEG argues that the products had been previously branded and disputes that the Agreement covered the allegedly rebranded products.  The partial motion would thus speak to a disputed factual issue.  And it would come before discovery has concluded.

"There is no right to a summary judgment."[4]  "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances."[5] The court may "decline to decide the merits of the case in a summary adjudication where it is not reasonably certain that there is no triable issue."[6]  Motions for summary judgment require a court to dive deeply into a paper record without the benefit of live witnesses explaining the significance of that record.  They require a

---

[3] *Id.* at 4.

[4] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (internal quotation marks omitted) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)).

[5] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

[6] *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. 2021) (internal quotation marks omitted) (quoting *Parexel Int'l (IRL) Ltd. v. Xynomic Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Sep. 1, 2020)) (interpreting a parallel rule of the Delaware Superior Court).

tremendous investment of judicial resources. They are best deployed when the exercise would conserve litigant and judicial resources.

I am not convinced that the partial motion that Regal seeks leave to file would conserve litigant or judicial resources. The request for leave to move for summary judgment is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)